**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| YONI ELIERSER SANDOVAL-MENENDEZ, CESI PAOLA SANDOVAL-MENENDEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 08-72324 <br><br> Agency Nos. A098-652-288 <br> A098-652-287 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Yoni Elierser Sandoval-Menendez and Cesi Paola Sandoval-Menendez,

natives and citizens of Guatemala, petition for review of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.4 (9th Cir. 2003), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the three instances when gang members robbed and threatened the petitioners do not rise to the level of past persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2006). Further, the record does not compel the conclusion that gang members robbed and threatened petitioners on account of their Christian religion or their "anti-gang" political opinion. *See Parussimova v. Muksasey*, 533 F.3d 1128, 1134-36 (9th Cir. 2008); *Santos-Lemus v. Mukasey,* 542 F.3d 738, 747 (9th Cir. 2008), (a "general aversion to gangs does not constitute a political opinion for asylum purposes"). Finally, substantial evidence supports BIA's conclusion that petitioners failed to establish a well-founded fear of future persecution based on a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Accordingly, their asylum claim fails.

08-72324

Because the petitioners have not met the standard for asylum, they necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's conclusion that petitioners are not eligible for CAT relief because they failed to show that it is more likely than not they would be tortured in Guatemala. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

We reject petitioners' contention that the BIA failed to adequately explain its decision.

**PETITION FOR REVIEW DENIED.**

08-72324